UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) VS. ) ) 8209 ROUGHRIDER OFFICE BUILDING, LLC, ) ) ) Defendant. ) | Civil Action No.  SA-17-CA-004-XR |

**DISMISSAL ORDER**

On this date, the Court considered its jurisdiction over this case, Plaintiff's Motion for Temporary Restraining Order, and Defendant's Motion to Dismiss.  This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  Plaintiff State Automobile Mutual Insurance Company brings this action against its insured, 8209 Roughrider Office Building, LLC, asserting diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff seeks a declaratory judgment, asking the Court to "make a declaration as to the appropriateness of the appraisal process at this time, and for such other and further relief to which State Auto may show itself justly entitled." Complaint at 6.  Specifically, Plaintiff "requests that the Court declare the parties' obligations under the Policy as it relates to the appraisal provisions and to determine whether Roughrider's appraisal demand is premature given that no estimate has been provided to illustrate the dispute in the amount of the loss." *Id.* State Auto asserts that it is unopposed to appraisal should its insured provide an estimate of loss and State Auto then determine that a dispute exists; it asserts only that appraisal at this time is premature.

The amount in controversy in a declaratory judgment action is the value of the right to be protected or the extent of the injury to be prevented.  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Plaintiff's Complaint does not seek to have the Court in any way determine coverage for the loss, to determine State Auto's liability under the insurance policy, or to resolve the dispute that appears to exist regarding the amount of loss.  Rather, it seeks only to have the Court postpone or prevent the appraisal process set forth in the insurance contract from occurring.  At the hearing on Plaintiff's Motion for Temporary Restraining Order, Plaintiff's counsel estimated the cost of appraisal at "a couple thousand dollars."  Although State Farm also argued that it would be prejudiced by going forward with the appraisal

-1-

process at this time, it has not provided any measure by which to assess the value of avoiding such prejudice as being in excess of $75,000, and the Court finds it is not likely to exceed $75,000. Accordingly, the Court concludes that it lacks subject matter jurisdiction over this case because Plaintiff has failed to establish that the amount in controversy likely exceeds $75,000.

In an abundance of caution should the Court's conclusion regarding jurisdiction be in error, the Court maintains its rulings made in open court that Plaintiff has failed to establish a likelihood of success on the merits. Plaintiff essentially argues that its insured may not invoke the appraisal provision in the insurance contract until it provides a detailed estimate of all loss suffered. But that is not the relevant standard. Rather, the standard is set forth in *In re Universal Underwriters of Texas Insurance Company*, 345 S.W.3d 404, 408 (Tex. 2011), in which the Texas Supreme Court held that the appraisal provision should be invoked within a reasonable time after the parties reach an impasse, which "is not the same as a disagreement about the amount of loss." The parties have clearly reached an impasse in this case. Defendant insured is seeking amounts far in excess than what Plaintiff insurer believes it is entitled to. Because Plaintiff failed to show a likelihood of success on the merits or sufficient prejudice to warrant a temporary restraining order, that motion is denied. Defendant's motion to dismiss for failure to state a claim (docket no. 7) remains likewise denied for the reasons stated in open court.

In conclusion, Plaintiff's motion for temporary restraining order (docket no. 6) is DENIED and Defendant's motion to dismiss (docket no. 7) is DENIED. This case is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

It is so ORDERED.

SIGNED this 23rd day of January, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE